CLERK'S OFFICE U.S. DIST COURT
AT ABINGDO..
FILED

SEP 22 2009

JOHN F. CORCORAN CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| TAMMY R. FIELDS, <br><br> *Plaintiff,* <br><br> v. <br><br> W. PAT JUSTUS, ET AL., <br><br> *Defendants.* | CIVIL ACTION No. 1:07-cv-00019 <br><br> <u>MEMORANDUM OPINION</u> <br><br> JUDGE NORMAN K. MOON |

On March 31, 2008, I issued a Memorandum Opinion and Order in this case, wherein I

denied Defendants' the protection of qualified immunity, thus denying their motions to dismiss,

and granted Plaintiff's motion for partial summary judgment. Defendants filed an interlocutory

appeal and, on May 21, 2009, the United States Court of Appeals for the Fourth Circuit reversed

the denial of qualified immunity and remanded the case for further proceedings consistent with

its opinion. *See Fields v. Prater*, 566 F.3d 381, slip op. at 17 (4th Cir. May 21, 2009).

Thereafter, on July 7, 2009, in accordance with the determination of the Fourth Circuit that

Defendants are entitled to qualified immunity in this case, I entered an Order vacating the

Memorandum Opinion and Order of March 31, 2008; granting Defendants' motions to dismiss;

denying Plaintiff's motion for partial summary judgment; and dismissing the case and striking it

from the active docket of the Court.

Subsequently, Plaintiff filed a motion to vacate the order dismissing the case (docket no.

107). By Order entered on July 14, 2009, I took the motion to vacate under advisement, directed

the Defendants to respond, and allotted a time within which Plaintiff was to reply to Defendants'

responses. Plaintiff has not filed any reply to Defendants' responses. However, after

Defendants filed their responses in opposition to the motion to vacate, Plaintiff filed a motion to amend the complaint (docket no. 111), to which Defendants have filed responses in opposition, with no reply from Plaintiff. For the reasons stated herein, Plaintiff's motions will be denied.

## I.

The facts of this case have been laid out thoroughly several times -- by the Magistrate Judge, by me, and by the Fourth Circuit, in its published opinion in this matter -- and I will not reiterate the facts here. Suffice it to say Plaintiff alleged that, on the basis of her affiliation with the Republican Party, and in violation of the First Amendment to the United States Constitution, she was not hired for the position of Director of the Buchanan County Department of Social Services ("BCDSS director"). As previously stated, I denied Defendants the protection of qualified immunity, and they filed an interlocutory appeal. The Fourth Circuit concluded

> that the First Amendment prohibits consideration of political affiliation in hiring decisions for positions like the one at issue here. To hold otherwise would impose prohibitive costs on the exercise of associative rights and political speech. However, because this conclusion was not clearly established at the time of the decision under existing law, we think the defendants entitled to the qualified immunity they seek.

566 F.3d 381, slip op. at 3.

The Court agreed "with plaintiff that in the event the facts are as alleged, defendants violated her constitutional rights," but determined "that at the time of the hiring decision the law had not achieved that level of constitutional clarity that would allow us to hold defendants liable." *Id.*, slip op. at 14. In closing, the Court stated that Plaintiff

> had no right to serve as BCDSS director, but defendants had no right to rely on her political affiliation as a reason for not hiring her. Because, however, it was not clearly established under existing law at the time of the hiring decision that the action taken was unconstitutional, defendants are entitled to qualified immunity.

-2-

*Id.*, slip op. at 17.

## II.

In her motion to vacate, Plaintiff states that I should vacate my Order dismissing the complaint because "[t]he Fourth Circuit's Opinion found that the actions of the Defendants violated Fields' constitutional rights but that qualified immunity protected them from compensatory damages"[1] and "[t]here remains [*sic*] other issues before the Court, including the equitable relief of having Fields appointed as Director of the Buchanan County Department of Social Services, and the Court declaring the actions of the Defendants to be violative of her constitutional rights." Although the complaint sought a declaratory judgment that "[t]he actions complained of by the Plaintiff are violative of her constitutional rights" and requested relief "in law and equity, as . . . necessary to remedy the wrongs that have been committed," Defendants counter that Plaintiff did not specifically request the relief of being appointed BCDSS director.[2] Defendants also contend that they were sued in their individual capacities, not their official capacities, and that the equitable relief of being installed as the BCDSS director is not available in a suit against Defendants in their individual capacities. Defendants add that the equitable relief of appointing Plaintiff BCDSS director is not appropriate because it does not relieve a continuing violation of federal law.

---

[1] I note that Plaintiff is incorrect: the Fourth Circuit did not find that Plaintiff's constitutional rights had been violated. As recounted above, the Court stated that it agreed "with plaintiff that *in the event the facts are as alleged*, defendants violated her constitutional rights," but determined "that at the time of the hiring decision the law had not achieved that level of constitutional clarity that would allow us to hold defendants liable." 566 F.3d 381, slip op. at 14 (emphasis added).

[2] Defendants refer to Plaintiff's request to be "reinstated" as BCDSS director. However, Plaintiff, who was employed by the Buchanan County Department of Social Services, has never been hired as BCDSS director; accordingly, she could not under these circumstances be "reinstated" as BCDSS director.

-3-

Plaintiff's motion to amend states that "[t]he original complaint did request equitable relief, and a reasonable person should have concluded that the equitable relief included having the Plaintiff appointed as Director." Plaintiff explicitly seeks "to amend the Original Complaint so as to clarify the equitable relief requested and properly designate suit against the Defendants in both their individual and official capacities."

### III.

The doctrine of *Ex Parte Young*, 209 U.S. 123 (1908), authorizes "suits against state officers for prospective equitable relief from *ongoing* violations of federal law." *Lytle v. Griffith*, 240 F.3d 404, 408 (4th Cir. 2001) (emphasis added). This doctrine "allows private citizens, in proper cases, to petition a federal court to enjoin State officials in their official capacities from engaging in *future conduct* that would violate the Constitution or a federal statute." *Antrican v. Odom*, 290 F.3d 178, 184 (4th Cir. 2002) (emphasis added); *see also Lytle*, 240 F.3d at 408 (*Ex parte Young* authorizes "suits against state officers for prospective equitable relief from ongoing violations of federal law"). To determine whether the *Ex parte Young* doctrine is applicable, the Supreme Court of the United States has observed that a court "need only conduct a straightforward inquiry into whether the complaint alleges an *ongoing* violation of federal law and seeks relief properly characterized as prospective." *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (emphasis added; internal quotation and citation omitted).

In the instant case, assuming the facts as Plaintiff has alleged them, the right that was violated was for Plaintiff to be free from having her "political affiliation" considered "as a reason for not hiring her," but that right "was not clearly established under existing law at the time of the hiring decision," and thus "defendants are entitled to qualified immunity." 566 F.3d

-4-

381, slip op. at 17. The Fourth Circuit's opinion in this matter points out that Plaintiff "had no right to serve as BCDSS director. . . ." *Id.* Accordingly, there is no ongoing violation of federal law. It would be inappropriate for me to issue an injunction ordering Plaintiff's installation into a position that she has never held and to which she has no right. Likewise, it would be inappropriate for me to permit Plaintiff to amend her complaint in the fashion she requests. Regardless of whether she is permitted to amend the complaint to state claims against the Defendants in their official capacities, the relief she explicitly seeks to obtain by so amending -- being appointed BCDSS director -- remains unavailable, and amending the complaint would be an exercise in futility.

Leave to amend a complaint should be freely granted "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, in exercising its discretion regarding leave to amend, a court "should focus 'on prejudice or futility or bad faith as the only legitimate concerns in denying leave to amend, since only these truly relate to protection of the judicial system or other litigants.'" *Island Creek Coal Co. v. Lake Shore, Inc.*, 832 F.2d 274, 279 (4th Cir. 1987) (quoting *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980)). Courts have often held that, "if a complaint as amended could not withstand a motion to dismiss, then the amendment should be denied as futile." *Id.* (citations omitted); *see also Perkins v. U.S.*, 55 F.3d 910, 917 (4th Cir. 1995).[3] As discussed above, Plaintiff seeks to amend the complaint to name Defendants in their

---

[3] Accordingly, in determining whether the proposed amendments would be futile, the court should apply the standard used to decide a motion to dismiss under Rule 12(b)(6). The court must accept all allegations in the amended complaint as true and must draw all reasonable inferences in favor of the plaintiff. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999); *Warner v. Buck Creek Nursery, Inc.*, 149 F. Supp. 2d 246, 254–55 (W.D. Va. 2001). The court, however, "need not accept the legal conclusions drawn from the facts, and . . . need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000)) (internal quotations omitted). Plaintiffs must allege facts in the amended complaint
(continued...)

-5-

official capacities so that they may be susceptible to her request for prospective equitable relief, but the prospective relief Plaintiff seeks by so amending remains unavailable.[4] Therefore, the motion to amend must be denied as futile.[5]

---

[3](...continued)
that "state a claim to relief that is plausible on its face" and that "nudge[] their claims across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[4] Plaintiff also seeks a declaratory judgment that her constitutional rights have been violated. The fact that an official is immune from damage liability does not preclude declaratory relief. *See Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984). However, to proceed in the instant circumstances to a determination on that request would be inappropriate for the following reasons, in addition to the reasons stated above. To permit further fact-finding in this case for the mere sake of possibly having it decreed that Plaintiff's rights were violated would impose an unwarranted litigational burden on Defendants, given that such a decree would be ineffective in the face of Defendants' qualified immunity. Qualified immunity is an immunity from the burdens of suit, not just a defense to liability, *see Siegert v. Gilley*, 500 U.S. 226, 231 (1991), and the circumstances here would render the requested declaratory relief a nullity. This would remain a nullity were I to permit Plaintiff to amend her complaint to name Defendants in their official capacities; as stated in the Magistrate Judge's Report and Recommendation of February 28, 2008, with no objection by Plaintiff, Plaintiff has never alleged that there was an official policy that mandated considering political party affiliation in hiring decisions. *See Bockes v. Fields*, 999 F.2d 788, 791 (4th Cir. 1993).

Finally, it would be inappropriate at this late date to allow Plaintiff to amend so that she could bring suit against Defendants in their official capacities. There is no federal statute of limitations applicable in § 1983 actions. *Wilson v. Garcia*, 471 U.S. 261, 266 (1985). Section 1983 actions are governed by the state statute of limitations for general personal injury cases in the state where the alleged violations occur. *Owens v. Okure*, 488 U.S. 235, 239-40 (1989). Virginia has a two-year statute of limitations for general, personal injury claims. Va. Code Ann. § 8.01-243(a). Therefore, a plaintiff bringing a civil rights action under § 1983 in Virginia must do so within two years from the time when his action accrues. *Id.* The time of accrual of a cause of action under § 1983 is a federal question. *Nasim v. Warden, Md. House of Correction*, 64 F.3d 951, 955 (4th Cir. 1995) (*en banc*). Additionally, the Supreme Court of the United States has recognized that, although it had "never stated so expressly, the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). In *Nasim*, the United States Court of Appeals for the Fourth Circuit held that a cause of action under § 1983 accrues and the statute of limitations begins running "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." To permit Plaintiff to name Defendants in their official capacities would require that she state a claim arising out of official policy or custom -- conduct that, as observed without objection in the Magistrate Judge's Report and Recommendation, is not alleged in the original complaint, and which does not relate back to the original complaint, considering the original complaint's explicit statement of individual capacity claims and the fact that the compensatory and punitive damages requested in the original complaint are unavailable in official capacity suits. *See* Fed. R. Civ. P. 15(c); *Goodman v. Praxair, Inc.*, 494 F.3d 458, 472 (4th Cir. 2007); *Biggs v. Meadows*, 66 F.3d 56, 61 (4th Cir. 1995); *Justus v. County of Buchanan*, 498 F. Supp. 2d 883, 885 (W.D. Va. 2007).

[5] Even were Plaintiff requesting a more appropriate degree of prospective equitable relief, such as directing the BCDSS to re-do the hiring process for the hiring director, I would nonetheless deny the motion. For one thing, principles of federalism limit the scope of a federal court's power to intervene in the internal operations of state and local agencies. *See Rizzo v. Goode*, 423 U.S. 362, 378-80 (1976); *Taylor v. Freeman*, 34 F.3d 266, 269 (4th
(continued...)

## IV.

For the stated reasons, Plaintiff's motions (docket nos. 107 & 111) will be denied.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum

Opinion and the accompanying Order to all counsel of record.

Entered this 22nd day of September, 2009.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[5](...continued)
Cir. 1994). And, perhaps more importantly, § 1983 by its terms confers authority to grant equitable relief, but only when equitable relief is proper for redress, *i.e.*, when a plaintiff has shown real and immediate threat of injury. *See Los Angeles v. Lyons*, 461 U.S. 95, 102-06 (1983). As discussed above, Plaintiff has no right to the job; thus, Plaintiff cannot establish a necessary element of any request for injunctive relief, irreparable harm to the plaintiff if the relief is denied. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. ___, ___, 129 S. Ct. 365, 376 (2008) (injunctive relief is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief"); *W. Va. Ass'n of Club Owners & Fraternal Servs., Inc. v. Musgrave*, 553 F.3d 292, (4th Cir. 2009); *Blackwelder Furniture Co. of Statesville, Inc. v. Selig Mfg. Co., Inc.*, 550 F.2d 189, 195 (4th Cir. 1977); *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811-12 (4th Cir. 1991); *Rum Creek Coal Sales, Inc., v. Caperton*, 926 F.2d 353, 359 (4th Cir. 1991); *Quesenberry v. Volvo Group North America, Inc.*, Civil Action No. 1:09-cv-00022 (W.D. Va. March 10, 2009) (unpublished Magistrate Judge's report and recommendation, adopted by order entered May 21, 2009).

-7-